UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                          :

UNITED STATES OF AMERICA,     :          CASE NO. 1:15-CR-302
                                            :
            Plaintiff,           :
                                            :
        vs.                :          OPINION & ORDER
                                            :          [Resolving Doc. 42]
MICHELLE D. PUGH,            :
                                            :
        Defendant.        :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Proceeding *pro se*, Michelle D. Pugh moves to reduce her sentence.[1]  Pugh has served 20 months of her 48-month sentence.[2]  She asks this Court to reduce her sentence by 12 months.[3]  The United States opposes Pugh's motion.[4]

For the following reasons, the Court **DENIES** Pugh's motion.

## I. BACKGROUND

At issue is whether the Court has jurisdiction to reduce Pugh's sentence or compute her good time credit.

On September 21, 2015, Pugh pleaded guilty to conspiracy to make false claims, making false claims, and aggravated ID theft.[5]  On January 6, 2016, Pugh was sentenced to 24 months for the conspiracy to make false claims and false claims counts, and 24 months for the aggravated ID theft count.[6]  As required by law, the Court ordered her to serve these sentences consecutively, with credit for time served and followed by 3 years of supervised release.[7]

---

[1] Doc. 42.
[2] *Id.* at 1.
[3] *Id.*
[4] Doc. 43.
[5] Doc. 18.
[6] Doc. 29.
[7] *Id.*

On November 16, 2017, Pugh filed a motion to consider sentence reduction.[8]  Pugh asks that the Court reduce her sentence by 12 months.[9]  In support of her request, she states that she has attended a drug abuse program and other self-help programs during her time in prison.[10]  She says she is close to completing her GED.[11]  The United States opposes her motion.[12]

## II. ANALYSIS

### A.  Jurisdiction to Resentence

The Court does not have jurisdiction to resentence Pugh.  In the sentencing context, "there is simply no such thing as a 'motion to reconsider' an otherwise final sentence."[13]  A district court may only modify a defendant's sentence as authorized by statute.[14]

Once a sentence "has been imposed," 18 U.S.C. § 3582(c) almost always prohibits a district court from "modify[ing] a term of imprisonment."  Congress grants the district courts authority to modify a final sentence only: (1) upon motion by the Director of the Federal Bureau of Prisons; (2) if the applicable sentencing guideline has been reduced; or (3) pursuant to Federal Rules of Criminal Procedure Rule 35.[15]

Rule 35 allows modification of a sentence either: (1) to correct an arithmetical, technical, or other clear error within fourteen days after sentencing or (2) upon the government's motion if the defendant provides substantial assistance to the government after sentencing.

Here, the Bureau of Prisons has not moved to reduce Pugh's sentence.  Pugh also does not argue that there has been a change to the sentencing guidelines.  Lastly, none of the Rule 35

---

[8] Doc. 42.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] Doc. 43.
[13] *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006).
[14] *United States v. Howard*, 644 F.3d 455, 457 (6th Cir. 2011).
[15] 18 U.S.C. § 3582(c).

grounds applies. More than fourteen days have passed since Pugh's sentence. And the government has not moved to reduce Pugh's sentence because she provided them substantial assistance.

Accordingly, the Court lacks jurisdiction to modify Pugh's sentence.

**B. Jurisdiction to Determine Good Time Credit**

Even assuming Pugh's motion is a habeas corpus petition under 28 U.S.C. § 2241, the Court has no jurisdiction to compute Pugh's good time credit.

Federal courts lack jurisdiction to recalculate sentences based on good time credit until the prisoner has exhausted the administrative remedies provided by the Department of Justice and the Bureau of Prisons.[16] The Department of Justice has delegated responsibility for determining appropriate good time credit to the Bureau of Prisons.[17] The Bureau of Prisons has established an administrative process by which prisoners can dispute the computation of their good time credit.[18]

The United States argues that Pugh has not yet exhausted her administrative remedies.[19] Accordingly, the Court lacks jurisdiction over Pugh's request to consider good time credit.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Pugh's motion to consider sentence reduction.

IT IS SO ORDERED.

Dated: November 30, 2017                          s/          *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[16] *United States v. Hazime*, 870 F.2d 658 (6th Cir. 1989).
[17] 18 U.S.C. § 3624; 28 C.F.R. § 0.96.
[18] *See* 28 C.F.R. §§ 542.10-542.19.
[19] Doc. 43 at 4-5.